UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JLYN BRYANT et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. CIV-24-614-G |
| | ) |
| TINKER FEDERAL CREDIT UNION, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Now before the Court is Plaintiffs Jlyn Bryant and Joecelyne Acuna's Motion to Amend Complaint (Doc. No. 17). Defendant Tinker Federal Credit Union has filed a Response (Doc. No. 18), to which Plaintiffs have replied (Doc. No. 19).

*I.  Background*

In the currently operative Complaint (Doc. No. 1-1), Plaintiffs bring federal and state-law claims, including claims of breach of contract and fraud, based upon their dealings with Defendant. *See id.*

Plaintiffs now seek to amend their pleading. In support, Plaintiffs argue that they seek to clarify their claims, correct errors, and make proper requests for relief. *See* Pls.' Mot. at 2.

*II.  Relevant Standard*

Rule 15(a)(2) of the Federal Rules of Civil Procedure prescribes that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this Rule, district courts enjoy "wide discretion" to permit amendment "in the

interest of a just, fair or early resolution of litigation." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (internal quotation marks omitted). Leave to amend should be denied only upon "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (internal quotation marks omitted). "The party contesting the motion to amend has the burden of proving that the amendment should be refused on one of these bases." *Openwater Safety IV, LLC v. Great Lakes Ins. SE*, 435 F. Supp. 3d 1142, 1151 (D. Colo. 2020).

   III. *Discussion*

   Defendant opposes the requested relief, contending that Plaintiffs' Motion is deficient under Local Civil Rule 15.1. Under Local Civil Rule 15.1, a party moving to amend a pleading must state "whether any other party objects to the motion." LCvR 15.1. Defendant argues that by failing to satisfy this requirement Plaintiffs have not complied with Local Civil Rule 15.1. While Plaintiffs failed to strictly adhere to the requirements of Local Civil Rule 15.1, "[a] litigant's pro se status requires a court to afford him some leeway." *Adair v. Wichita Pub. Schs.*, 637 F. App'x 510, 511 (10th Cir. 2016). Plaintiffs' noncompliance with the Rule, in light of their pro se status, is not so significant so as to deny amendment.

   Defendant also argues that Plaintiffs' amendment is futile. *See* Def.'s Resp. at 3-4. Defendant does not provide reasoned support for this argument and therefore has not shown that Plaintiffs' request should be denied on the basis of futility.

CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave to Amend Complaint (Doc. No. 17) is GRANTED. Plaintiffs shall separately file the proposed Amended Complaint (currently presented as an exhibit to their Motion) within seven (7) days of the date of this Order.

In light of the forthcoming pleading, Defendant's Motion to Stay (Doc. No. 9) and Plaintiffs' Motion to Compel (Doc. No. 11) are DENIED without prejudice.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss (Doc. No. 5) is DENIED AS MOOT.

IT IS SO ORDERED this 13th day of March, 2025.

_____
CHARLES B. GOODWIN
United States District Judge