UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JLYN BRYANT et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. CIV-24-614-G |
| | ) |
| TINKER FEDERAL CREDIT UNION, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Now before the Court is a Motion to Dismiss (Doc. No. 23) filed by Defendant Tinker Federal Credit Union. Plaintiffs Jlyn Bryant and Joecelyne Acuna, appearing pro se, have filed a Response (Doc. No. 24), to which Defendant has replied (Doc. No. 25).[1]

### I.   Relevant Standard

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). "[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

---

[1] The Court disregards Plaintiffs' unauthorized Surreply (Doc. No. 26).

A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (footnote and citation omitted). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

II.     The Amended Complaint

Plaintiffs allege that they submitted a Uniform Residential Loan Application ("the Application") to Defendant, ultimately seeking a $1.5 million loan to purchase a residential property in Choctaw, Oklahoma. *See* Am. Compl. ¶¶ 12-24 (Doc. No. 22); *see id.* Exs. 1-9 (Doc. Nos. 22-1 through 22-9). Defendant denied the Application, citing Plaintiffs' "[d]elinquent past or present payment obligations to others" and insufficient income for the amount of credit requested. Am. Compl. Exs. 13-16 (Doc. Nos. 22-13 through 22-16); *see* Am. Compl. ¶¶ 23, 34.

Plaintiffs now bring suit against Defendant, alleging the Application itself is "a financial asset of the Plaintiffs" that Defendant "received, accepted, and has already benefited from" but that Defendant is now "trying to swindle" Plaintiffs and "escape" "without performing for the Plaintiffs." Am. Compl. ¶¶ 17, 25, 35, 39-41. More specifically, Plaintiffs assert that the Application is both "a deposit of commercial paper [that] is an instrument . . . for the payment of money" and a "written agreement" in which Plaintiffs "agreed . . . to give the Defendant a security interest in the Plaintiffs['] property by securing [the Application] to a mortgage." *Id.* ¶¶ 15-16.

Plaintiffs assert the following claims: breach of fiduciary duty, requiring imposition of monetary penalties pursuant to "Federal Credit Union Act Section 206 (2)(B)," *see id.* ¶¶ 9, 31, 40, 43-44; fraud, *see id.* ¶¶ 34-35, 46; and violation of the Equal Credit Opportunity Act ("ECOA") and the Fair Housing Act ("FHA") for "refus[al] to extend credit to an applicant in any aspect of a credit transaction," *see id.* ¶¶ 37-38. The Amended Complaint seeks "return" of "the $1,500,000 credit," "in the form of a check or specific performance," plus millions of dollars in damages and penalties. *Id.* at 8, 10.

### III. Discussion

Plaintiffs' theory of liability is a variation on the "vapor money" theory, the essence of which is that "promissory notes (and similar instruments) are the equivalent of money that citizens literally create with their signatures." *Baldwin v. Glob. Lending Servs., LLC*, No. CIV-25-121-D, 2025 WL 1426564, at *2 (W.D. Okla. May 16, 2025) (internal quotation marks omitted).

> Bolstering this argument (at least for its adherents) is the fact that once received, banks typically deposit promissory notes into their own accounts and list them as assets. Then, according to the vapor money theory, the bank purports to lend the "money" that was "created" by the citizen's signature *back to the citizen-borrower*. . . . .
>
> At this point in the argument, plaintiffs relying on the vapor money theory typically introduce an additional wrinkle: whereas they gave the banks valuable "money" (in the form of a promissory note), the banks gave them something that is essentially worthless: "mere" credit (and the right to live in their homes, but that appears to be immaterial to the argument). . . . .
>
> This "fact" has at least two clear benefits to the citizen-borrower . . . . First, it means that the bank-lender gave essentially no consideration, and risked nothing, in making the purported loan, rendering the transaction void (or at least voidable) under general principles of contract law.

3

> The second alleged benefit of this theory is that when borrowing from a bank, the citizen-borrower actually *comes out ahead* in the transaction—after all, she is the only one who gave anything of value, and it would constitute unjust enrichment for the bank to "keep" the value of what the citizen-borrower gave it. And as already mentioned, banks typically list the value of promissory notes on the asset side of their accounting ledgers, treating the notes as the functional equivalent of cash. Since loans increase the asset side of the ledger, the theory continues, general accounting principles dictate that banks must owe that increase in value to whoever created it—i.e., the citizen-borrowers.

*McLaughlin v. CitiMortgage, Inc.*, 726 F. Supp. 2d 201, 212-13 (D. Conn. 2010) (footnote, citations, and internal quotation marks omitted); *see, e.g.*, Am. Compl. ¶ 21 ("Defendant can 100% discount the [Application] deposited with it on its book entry and re-discount it in the open market."); *id.* ¶ 33 ("Defendant representatives let the Plaintiffs know that [Defendant] is in possession of the commercial paper and [Defendant] would not be accrediting the Plaintiffs for the commercial paper lent to [Defendant]."); *id.* ¶ 53 ("Defendant must book the Plaintiffs['] commercial paper as an asset on its ledger, then offset the Plaintiffs['] commercial paper on its ledger, which is a liability for the Defendant, which then obligates it to give credit to the account of the Plaintiffs.").

To the extent Plaintiffs' claims rest upon the premise that the signed loan application constitutes a "financial asset" that Plaintiffs "lent" to Defendant, "the world, and the law, does not work that way." *Baldwin*, 2025 WL 1426564, at *3. The "vapor money" and "similarly unfounded" theories "have been universally and emphatically rejected by numerous federal courts" for decades. *Id.* at *3 n.4; *McLaughlin*, 726 F. Supp. 2d at 214.

Further, Plaintiffs have not plausibly shown that the Application created a fiduciary duty on the part of Defendant. Plaintiffs point to no such term in the Application, and

Defendant did not owe a fiduciary duty to Plaintiffs under Oklahoma law "absent a written agreement" to that effect. *Parrish v. Arvest Bank*, 717 F. App'x 756, 763 (10th Cir. 2017) (citing Okla. Stat. tit. 6, § 425). And Plaintiffs' vaguely stated fraud claim—which is based upon Defendant denying the loan but allegedly retaining the Application as an asset on its books—fails to plead fraud with the particularity required under Federal Rule of Civil Procedure 9(b) or the plausibility required under Rule 12(b)(6). *See* Am. Compl. ¶¶ 34-35, 46; Fed. R. Civ. P. 9(b); *see also Wilson v. GMFS Mortg.*, No. 22-478, 2023 WL 1542431, at *7 (M.D. La. Jan. 9, 2023) (R. & R.) ("The 'vapor money' theory of recovery is patently frivolous no matter how disguised under a legitimate cause of action."), *adopted*, 2023 WL 1802046 (M.D. La. Feb. 7, 2023).

As for Plaintiffs' cited federal statutes, the Court concurs with Defendant that the Amended Complaint fails to establish any violation thereof.

First, Plaintiff may not bring a claim against Defendant "under the Federal Credit Union Act Section 206 (2)(B)" because there is no private right of action under that statute. Am. Compl. ¶ 44; *see* 12 U.S.C. § 1786; *Rhodes v. Fin. Assurance Fed. Credit Union*, No. SA-07-CA-640, 2008 WL 11417533, at *3 (W.D. Tex. Feb. 20, 2008) (R. & R.) ("Courts [that] have analyzed Congress' intent in creating an implied private right of action under Section 1786 have all determined it did not."), *adopted*, 2008 WL 11417602 (W.D. Tex. Apr. 4, 2008).

Next, Plaintiffs fail to plausibly allege that Defendant treated them differently "because of their membership in a protected class," or that Plaintiffs were "qualified for a loan" but Defendant "rejected [the Application] despite [their] qualifications" and

5

"continued to approve loans for applicants with qualifications similar to those of [Plaintiffs]," as required to establish liability for disparate treatment under either the ECOA or the FHA. *Carroll v. Walden Univ., LLC*, 650 F. Supp. 3d 342, 360 (D. Md. 2022) (internal quotation marks omitted); *Hood v. Midwest Sav. Bank*, 95 F. App'x 768, 778 (6th Cir. 2004); *see Gorham-DiMaggio v. Countrywide Home Loans, Inc.*, 421 F. App'x 97, 100 (2d Cir. 2011); 15 U.S.C. § 1691; 42 U.S.C. § 3605.

It follows that Plaintiffs cannot plausibly establish a violation of federal or state law on the part of Defendant. *See Baldwin*, 2025 WL 1426564, at *3; Fed. R. Civ. 12(b)(6); *see also Burnett*, 706 F.3d at 1236 ("Pleadings that do not allow for at least a 'reasonable inference' of the legally relevant facts are insufficient." (quoting *Iqbal*, 556 U.S. at 678)). And, because "the legal theory underlying the entirety of the [pleading], no matter how well-intentioned, lacks any basis in law or fact," the Court "finds that granting Plaintiff[s] leave to amend would be futile." *Baldwin*, 2025 WL 1426564, at *4 n.5 (citing *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006)).

## CONCLUSION

For the foregoing reasons, Defendant Tinker Federal Credit Union's Motion to Dismiss (Doc. No. 23) is GRANTED. This matter is DISMISSED with prejudice.

A separate judgment shall be entered.

IT IS SO ORDERED this 5th day of March, 2026.

_____
CHARLES B. GOODWIN
United States District Judge